UNITED STATES DISTRICT COURT

EASTERN ~~DISTRICT OF UTAH~~ DISTRICT OF ~~MASSACHUSETTS~~ VIRGINIA

WILLIAM LEE GRANT II
PLAINTIFF

V

CENTRAL INTELLIGENCE AGENCY,
SPECIAL COLLECTION SERVICE, +
STATE OF ILLINOIS
~~STATE OF ILLINOIS~~ ~~DE~~ DEFENDANTS

FEDERAL QUESTION—
28 USC 1331

WHAT ARE THE RAMIFICATIONS OF THE DOD KEEPING MR. GRANT IN ILLINOIS UNDER MILITARY FORCE FOR NEARLY THIRTY (30) YEARS?

## CIVIL LIBERTIES COMPLAINT

1. DISTRICT ~~OF UTAH~~ HAS JURISDICTION PURSUANT TO: 28 USC 1346(b)(1); 28 USC 1391(e)(1)(A); 42 USC 1983; 42 USC 1985(3); AND 28 USC 2674.

2. MR. GRANT HAS A CLAIM UNDER U.S. CONST. AMEND IV; U.S. CONST. AMEND V; U.S. CONST. AMEND XIII; AND U.S. CONST. AMEND. XIV.

3. THE STATE OF ILLINOIS WAIVED SOVEREIGN IMMUNITY BY CONSENTING TO 16-CV-3245 AND 17-CV-3261 BEING REMOVED TO THE ILLINOIS CENTRAL DISTRICT FROM THE SEVENTH CIRCUIT OF ILLINOIS.

4. PURSUANT TO: 42 USC 1983; 42 USC 1985(3); AND 28 USC 2674, THE UNITED STATES (U.S. DEPARTMENT OF DEFENSE) AND STATE OF ILLINOIS DO NOT ~~POSSES~~ POSSES SOVEREIGN IMMUNITY.

5. THE ILLINOIS ATTORNEY GENERAL AND U.S. DEPARTMENT OF JUSTICE DEFAULTED AND FAILED TO DENY MR. GRANT'S ALLEGATIONS IN 16-CV-3245 AND 17-CV-3261.



## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM LEE GRANT, II ,**

        **Plaintiff,**

v.                            **Case No:   6:19-cv-1235-Orl-40LRH**

**GREGORY K. HARRIS, JOINT CHIEFS
OF STAFF and U.S. SPECIAL
OPERATIONS COMMAND,**

        **Defendants.**



### RELATED CASE ORDER
### AND TRACK TWO NOTICE

It is hereby **ORDERED** that, no later than fourteen days from the date of this Order, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).   The parties shall utilize the attached form NOTICE OF PENDENCY OF OTHER ACTIONS.   It is

    **FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track Two** case.   All parties must comply with the requirements established in Local Rule 3.05 for Track Two cases.   Counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report.   The parties shall utilize the **attached** Case Management Report form. Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting.   Fed. R. Civ. P. 26 (d); Local Rule 3.05(c)(2)(B).   *Plaintiff is responsible for serving a copy of this notice and order with attachments upon each party no later than fourteen days after appearance of the party.*

(6) THE U.S. DEPARTMENT OF JUSTICE DEFAULTED AND FAILED TO DENY MR. GRANT'S ALLEGATIONS IN 16-CV-3245 AND 17-CV-3261.

(7) THE U.S. DEPARTMENT OF JUSTICE DEFAULTED AND FAILED TO DENY MR. GRANT'S ALLEGATIONS IN 19-CV-3001 AND 19-CV-3020.

(8) EIGHTEEN (18) FEDERAL COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915 (e)(2)(B)(i);
28 USC 1915 (e)(2)(B)(ii); OR
28 USC 1915 (e)(2)(B)(iii).

(9) THE COMMANDER-IN-CHIEF OF THE U.S. ARMED FORCES (RONALD REAGAN) DIRECTED THE SECRETARY OF DEFENSE TO CREATE MR. GRANT TO PREDICT ~~FUTURE~~ FUTURE NUCLEAR ATTACKS.

(10) THE OFFICE OF THE SECRETARY OF DEFENSE CREATED MR. GRANT IN THE BASEMENT OF THE PENTAGON IN 1990.

(11) THE OFFICE OF THE SECRETARY OF DEFENSE ~~DID~~ USED JOINT SPECIAL OPERATIONS COMMAND (JSOC) TO ENGINEER MR. GRANT'S LIFE TO GIVE CAUSE FOR MR. GRANT TO APPEAR IN FEDERAL COURT.

(12) THE FUNDS TO CREATE MR. GRANT CAME FROM THE STRATEGIC DEFENSE INITIATIVE (MISSILE DEFENSE AGENCY).

(13) THE OFFICE OF THE SECRETARY OF DEFENSE "DROPPED-OFF" MR. GRANT IN SPRINGFIELD, ILLINOIS IN 1992 WITH DR. BILL GRANT AND ARMENTA JOHNSON TO BE: BEATEN; ENDURE PSYCHOLOGICAL WARFARE; AND TO BE THE U.S. DEPARTMENT OF DEFENSE'S WITNESS TO THE 9/11 TERRORIST ATTACKS.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

With the parties' consent, a district judge under 28 U.S.C. § 636(c) can refer any civil matter to a magistrate judge for any or all proceedings, including the resolution of any motion, a jury or non-jury trial, and entry of final judgment. Although the same law, rules, and procedure govern before both the district judge and the magistrate judge, reference to the magistrate judge often results in an earlier and more reliable trial date (a magistrate judge's trial calendar need not accommodate criminal trials, which are subject to the requirement of constitutional and statutory "speedy trial"). A final judgment entered by the magistrate judge is appealable directly to the United States Court of Appeals.

The parties can formalize consent to the magistrate judge on an AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," a copy of which is attached. Consent requires the signature of each party's counsel and the signature of any unrepresented party. The district judges of the Middle District of Florida request that each party and each counsel carefully consider the benefits to the public, to the court, and to the parties of consent to proceed before the magistrate judge. Of course, consent is entirely voluntary, and — without any adverse substantive consequence — a party for any reason can withhold consent and continue the action before the district judge.


_____
Steven D. Merryday
Chief United States District Judge

_____
Virginia M. Hernandez Covington
United States District Judge

_____
Mary S. Scriven
United States District Judge

_____
Roy B. Dalton, Jr.
United States District Judge

_____
Brian J. Davis
United States District Judge

_____
Carlos E. Mendoza
United States District Judge


_____
Timothy J. Corrigan
United States District Judge

_____
Marcia Morales Howard
United States District Judge

_____
Charlene Edwards Honeywell
United States District Judge

_____
Sheri Polster Chappell
United States District Judge

_____
Paul G. Byron
United States District Judge

_____
William F. Jung
United States District Judge

14. GREGORY K. HARRIS LEFT THE PENTAGON IN THE EARLY 1990's TO ILLEGALLY SURVEIL MR. GRANT THROUGH THE ILLINOIS CENTRAL DISTRICT U.S. ATTORNEY'S OFFICE.

15. GREGORY K. HARRIS BRIBED MR. GRANT'S FAMILY, PEERS, CO-WORKERS, TEACHERS, AND SUPERVISORS TO REPORT THE WORDS AND ACTIONS OF MR. GRANT TO GREGORY K. HARRIS.

16. GREGORY K. HARRIS DIRECTED MR. GRANT'S OPTOMETRIST TO GIVE MR. GRANT AN INCORRECT LENSE PRESCRIPTION TO DIMINISH MR. GRANT'S VISION.

17. GREGORY K. HARRIS DIRECTED MR. GRANT'S ORTHODONTIST TO DRILL THE ENAMEL OFF MR. GRANT'S TEETH.

18. WHEN MR. GRANT TURNED SEVENTEEN (17), MR. GRANT WAS FORCED TO STAB DR. BILL GRANT, OR THE OFFICE OF THE SECRETARY OF DEFENSE WOULD HAVE SENT SOMEONE TO KILL DR. GRANT.

19. GREGORY K. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE BY COLLUDING WITH MR. GRANT'S LAWYERS.

20. GREGORY K. HARRIS RECRUITED (THEN ILCD U.S. ATTORNEY) RODGER A. HEATON TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT.

21. GREGORY K. HARRIS RECRUITED NIVEESHA HILL TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT.

22. MR. GRANT WAS FORCED TO BEGIN "ACTING GAY" IN COLLEGE, OR THE DoD WOULD SEND SOMEONE TO RAPE MR. GRANT.

23. MR. GRANT WAS FORCED TO "ACT GAY" FROM DECEMBER 9, 2008 UNTIL 2076.

24. IN 2009, THE ILLINOIS STATE POLICE (ISP), DoD, AND GREGORY K. HARRIS "SET-UP" MR. GRANT FOR A DRIVING UNDER THE INFLUENCE CHARGE TO "STRIP" MR. GRANT OF HIS DRIVER'S LICENSE.

AO 85 (Rev. 01/09)   Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | | |
|---|---|---|
| WILLIAM LEE GRANT, II | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:19-cv-1235-Orl-40LRH |
| GREGORY K. HARRIS, et al. | ) | |
| *Defendants* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*.  A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*.   The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED:**  This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.   Do not return this form to a judge.

25) I ISP TROOPER TYLER PRICE "STOPPED" MR. GRANT IN 2009 FOR AN ALLEGED IMPROPER LANE CHANGE.

26) ISP TROOPER TYLER PRICE FAILED TO MIRANDIZE MR. GRANT, AND FAILED TO OBTAIN A WARRANT TO ~~DRAW~~ DRAW MR. GRANT'S BLOOD.

27) ISP TROOPER TYLER PRICE ISSUED MR. GRANT MULTIPLE DRIVING UNDER THE INFLUENCE (DUI) TICKETS STEMMING FROM ONE 2009 TRAFFIC STOP.

28) THE SANGAMON COUNTY STATE'S ATTORNEY'S OFFICE FILED MULTIPLE DUI CASES AGAINST MR. GRANT STEMMING FROM ONE 2009 TRAFFIC STOP.

29) ~~GREGORY~~ GREGORY K. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE BY COLLUDING WITH MR. GRANT'S LAWYERS.

30) MR. GRANT WAS SOBER.

31) MR. GRANT WAS HIRED BY THE STATE OF ILLINOIS TO GIVE CAUSE FOR ~~THE GRANT~~ THE ILLINOIS ATTORNEY GENERAL TO APPEAR IN COURT.

32) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY MR. GRANT'S ALLEGATIONS IN THE SEVENTH CIRCUIT OF ILLINOIS (17-MR-754).

33) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY MR. GRANT'S ALLEGATIONS IN THE ILLINOIS COURT OF CLAIMS (18CC0946 + 18CC1057).

34) DEIRDRE 'D.K.' HIRNER MADE AN AGREEMENT WITH THE DoD IN THE EARLY 1990's TO HIRE MR. GRANT IN THE FUTURE.

35) ANN L. SCHNEIDER MADE AN AGREEMENT WITH THE DoD ~~IN THE~~ IN THE EARLY 1990's TO HIRE MR. GRANT IN THE FUTURE.

36) D.K. HIRNER HIRED MR. GRANT IN 2011 AS A POLICY ANALYST WITH THE OFFICE OF THE ILLINOIS LIEUTENANT GOVERNOR'S OFFICE.

37) ANN L. SCHNEIDER HIRED MR. GRANT IN 2012 AS A STAFF ASSISTANT WITH THE ILLINOIS DEPARTMENT OF TRANSPORTATION.



4

AO 85A   (Rev. 01/09) Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| WILLIAM LEE GRANT, II | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No.   6:19-cv-1235-Orl-40LRH |
| GREGORY K. HARRIS, et al. | ) | |
| Defendants | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*.   A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion*.   The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

Motions: _____

_____

_____

| | | |
|---|---|---|
| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |

_____   _____   _____

_____   _____   _____

_____   _____   _____

### Reference Order

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.   Do not return this form to a judge.



EASTERN DISTRICT OF ~~MASSACHUSETTS~~ VIRGINIA

~~EASTERN DISTRICT OF VIRGINIA~~

UNITED STATES DISTRICT COURT

~~STATE OF ILLINOIS~~

~~ILLINOIS COURT OF CLAIMS~~

~~DISTRICT OF UTAH~~ MASSACHUSETTS

EASTERN DISTRICT OF ~~MASSACHUSETTS~~ VIRGINIA

William Lee Grant II )
Petitioner, )
)
)
)
vs. )
~~CENTRAL INTELLIGENCE AGENCY~~ )
)
CENTRAL INTELLIGENCE AGENCY, )
SPECIAL COLLECTION SERVICE, + )
STATE OF ILLINOIS )
~~DEFF~~ DEFENDANTS

~~FILED~~

NEIGHBORHOODS
ANGEL + AIRWAVES
COMPLAINT

~~18CC1057~~

## Civil Rights Violations and Retaliation Complaint

(38) William Lee Grant II, Petitioner, was retaliated against by the Illinois Governor's Office and agencies under the jurisdiction of the Illinois Governor for filing a civil rights complaint with the Illinois Department of Transportation, and an ethics complaint with the Office of Executive Inspector General in 2012.

(39) William Lee Grant II, while employed with the Illinois Department of Transportation (IDOT), filed a civil rights complaint with IDOT's Bureau of Civil Rights. After the civil rights complaint was filed, William Lee Grant II endured a hostile work environment. William Lee Grant II's work hours were changed, work products were tampered with, and William Lee Grant II was given negative performance evaluations.

(40) William Lee Grant II took a leave of absence from IDOT, and was then transferred to IDOT's Chicago Office, and began to be supervised by Richard Abel Kabaker, IDOT Deputy Chief Council. For the next two and a half years, Richard Abel Kabaker treated William Lee Grant II as a "cotton pickin' nigger."

(41) Richard Abel Kabaker offered and then rescinded a promotion for William Lee Grant II. Richard Abel Kabaker gave William Lee Grant II a workload/ work-assignments below the paygrade of a Technical Manager II.

(42) Richard Abel Kabaker assigned William Lee Grant II to work in IDOT's Bureau of Claims office in Schaumburg, Illinois for one and a half months in 2013 against standard operating procedures and personnel policies.



(5)



(43) William Lee Grant II was struck from behind while operating his state motor vehicle on the Kennedy Expressway by Kelly Knepf, also known as, Kelly Kraft, Director, Illinois Sports Facilities Authority. Ms. Knepf left the scene of the accident.

(44) William Lee Grant II accepted employment with the Office of the Governor in 2014. William Lee Grant II reported to the Governor's Office on November 6, 2014. For the next month, William Lee Grant II was given a myriad of reasons as to the delay in William Lee Grant II being added to the Governor's Office payroll. On December 3, 2014, after the close of business, William Lee Grant II was informed he "could not" be added to the Illinois Governor's Office payroll, and could not return to his employment with IDOT. William Lee Grant II has not received his salary for his month worked in the Illinois Governor's Office.

(45) On December 5, 2014, William Lee Grant II applied for Federal Unemployment Benefits through the Illinois Department of Employment Security (IDES). IDES employee, John T. Frye, purposefully entered Petitioner's information incorrectly, and failed to enter pertinent information in the determination of William Lee Grant II's eligibility pertaining to Federal Unemployment Benefits.

(46) IDES Administrative Law Judge, John Schellenberg, intentionally ruled against Petitioner on March 10, 2015. Petitioner was qualified to receive Federal Unemployment Benefits pursuant to 820 ILCS 405/601(B).

(47) William Lee Grant II found himself **Blacklisted**. William Lee Grant II applied for employment all over America to no avail, except for a short stint on a political campaign. William Lee Grant II was denied employment with the Chicago Transit Authority, State of Illinois, Federal government, and within the private sector.

(48) The Office of Executive Inspector General (OEIG) has declined investigate. The OEIG allegedly informed Governor Bruce Rauner's administration of the retaliatory actions that occurred, and took no action.

(49) William Lee Grant II attempted to file a civil rights complaint with IDOT in 2016, and was escorted out of the building. The Illinois Department of Human Rights (IDHR) failed to investigate petitioner's complaint against IDOT after 365 days. IDHR has taken no action to investigate the Chicago Transit Authority or Illinois Department of Central Management Services.

(50) The Illinois Human Rights Commission rejected Petitioner's complaint against IDOT refusing Petitioner access to a proper venue for his retaliation (discrimination) complaint.

(51) **The Illinois Attorney General and U.S. Department of Justice do not deny the allegations.** N;M;I, EDNC

CDCA, ILND, ILLD, ILSD, MARYLAND, EDTX, NDGA, NEBRASKA, EDNY, EDTX, NDTX, WDTX, C.F.C + FED, V
WDVA, + No Judge has found the allegations to be frivolous or malicious (28 U.S.C. 1915(e)(2)(B)(i), fails ^ CDR.
NDWV, to state a claim on which relief may be granted (28 U.S.C. (e)(2)(B)(ii), or seeks monetary relief MDFL
against a defendant who is immune from such relief (28 U.S.C. 1915(e)(2)(B)(iii).

9/25/19

THESE ACTIONS GAVE CAUSE FOR ~~~~ MR. GRANT

~~~~~~~ WITNESS TO APPEAR

IN FEDERAL COURT.

THE IL AG AND DOJ DO NOT DENY

~~~~ MR. GRANT'S ALLEGATIONS, AND

DEFAULTED IN 16-CV-3245 AND 17-CV-3261.

SEPTEMBER 15, 2019

William Lee Grant II

(6)

9 in Wythe Road

Springfield, IL 62702

(217) 726-5269

ORIGINAL

EASTERN DISTRICT

OF VIRGINIA

EASTERN DISTRICT OF VIRGINIA

UNITED STATES COURT

FILED

NOV 13 2017

U.S. COURT OF FEDERAL CLAIMS

17 1785 C

William Lee Grant II

Petitioner,

vs.

CENTRAL INTELLIGENCE AGENCY,
SPECIAL COLLECTION SERVICE, +
STATE OF ILLINOIS

DEFENDANTS

NEIGHBORHOODS
ANGEL + AIRWAVES
COMPLAINT

THE DIXIE CHICKS WERE RIGHT!

## COMPLAINT and CERTIFICATION OF PLAINTIFF

BEYONCE

(52) The U.S. Department of Justice does not deny the 9/11 Terrorist Attacks were engineered to initiate an epoch of perpetual war known as the War on Terror.

(53) Dick Cheney made substantial profits for himself and his former company, Halliburton, through awarding no-bid contracts to Halliburton. Vice-President Cheney had a conflict of interest in advocating for the Invasion of Iraq.

(54) Bruce Rauner bribed Rahm Emanuel to hide reports related to national security while Rahm Emanuel worked in the Clinton White House. Upon leaving the Clinton White House, Bruce Rauner assisted Rahm Emanuel in making $14 million dollars in three years. Bruce Rauner went on to make hundreds of millions from the War on Terror.



OPERATION: HOMETOWN GLORY
Received - USCFC

NOV 13 2017

(7)

55. Hillary Rodham Clinton killed (or was an accessory to murder) Vince Foster, Clinton White House Council, to prevent him from testifying in the White Water Hearings. ✳✳

56. Hillary Rodham Clinton sent Ambassador J. Christopher Stevens to Benghazi, Libya as a suicide mission to prevent him from issuing a report advocating the diversion of funds from Iran to Libya.

57. Hillary Rodham Clinton lobbied for the 1994 Crime Bill in exchange for future campaign contributions from the private prison industry for her inevitable Presidential campaign. ✳

58. Anita Alvarez entered into a conspiracy to allow "Chicago Cops to Shoot Black People for Sport Without Fear of Criminal Prosecution. The David Koschman case establishes her history of entering government conspiracies.

59. Richard M. Daley murdered Chicago Mayor Harold Lee Washington, and permitted the torture and wrongful convictions of African-Americans in Chicago, Illinois during his time as Cook County State's Attorney and Chicago Mayor.

60. The State of Illinois and U.S. Department of Justice violated the Constitutional rights of WILLIAM LEE GRANT II to investigate these matters.

61. The Illinois Attorney General and the DOJ do not deny the allegations. Federal Judges have dismissed William Lee Grant II's complaints citing 28 U.S.C. 1915(e)(2)(B). No Federal Judge has claimed William Lee Grant II's action is:

NDWV, EDNC, WDVA, N.M.I. ILLD, ILND, ILSD, MARYLAND, NDGA, CDCA, EDTX, NDTX, WDTX, EDNY, C.F.C., OR FED.CIR.
NEBRASKA MDFL

i. Is frivolous or malicious (28 U.S.C. 1915(e)(2)(B)(i);

ii. Fails to state a claim on which relief may be granted (28 U.S.C.(e)(2)(B)(ii): or

iii. Seeks monetary relief against a defendant who is immune from such relief (28 U.S.C. 1915(e)(B)(iii).

✳ HILLARY R. CLINTON RECEIVED THE CONTRIBUTIONS DURING THE 2016 PRESIDENTIAL GENERAL ELECTION.

8

OPERATION: HOMETOWN GLORY

PLEASE SEE RODRIGUEZ MEMOR- ANDUM (148-178). - JAMES COMEY + ERIC HOLDER SAY HILLARY CLINTON KILLED VINCE FOSTER. WLG2

62. President George W. Bush's Executive Order dated November 13, 2001 allows for illegally obtained information to be admitted in court, and for the herein alleged traitors to be tried in a military tribunal.

63. Per President George W. Bush's November 13, 2001 Executive Order, this Complaint must be adjudicated and sent to the U.S. Secretary of Defense:

> Secretary of Defense
> Office of the Secretary of Defense
> 1000 Defense Pentagon
> Washington, D.C. 20301

64. Petitioner seeks $~~32~~ $99 Trillion in compensatory ~~and punitive~~ damages.

65. Richard Abel Kabaker, State of Illinois, and U.S. Department of Justice defaulted (2016-MR-000643) by failing to plead pursuant to Fed. R. Civ. P. 81 (c)(2)(a) and Fed. R. Civ. P. 81 (c)(2)(c).

Petitioner, WILLIAM LEE GRANT II, certifies Complaint and all statements herein are made in good faith, and not for delay.



66. THE HOUSE OF SAUD WAS COMPLICIT IN THE 9/11 TERRORIST ATTACKS.

67. CONDOLEEZZA 'CONDI' RICE WAS A SECRETARY (OF STATE) ON HER KNEES. CONDI WAS HAVING AN AFFAIR WITH GEORGE W. BUSH.

68. PHILIP MOUNTBATTEN "ORDERED" THE ASSASSINATION OF DIANA, PRINCESS OF WALES. THE BRITS NEED LOOK AT MI5 OR MI3.

69. RICHARD M. DALEY'S SALE OF CHICAGO'S PARKING METERS IS FRAUD.

70. DICK CHENEY MADE $100 MILLION FROM HIS HALLIBURTON STOCK DUE TO THE WAR IN IRAQ.

71. BILL CLINTON IS A SERIAL RAPIST.

72. JAMES R. THOMPSON FAILED TO PROSECUTE RICHARD J. DALEY FOR PUBLIC CORRUPTION IN EXCHANGE FOR RICHARD J. DALEY SUPPRESSING THE COOK COUNTY, IL DEMOCRATIC PARTY VOTE TO ALLOW THOMPSON TO BECOME GOVERNOR AS A REPUBLICAN.

OPERATION: HOMETOWN GLORY

73. JAMES R. THOMPSON CONCEALED RICHARD M. DALEY'S MURDER OF HAROLD LEE WASHINGTON AND BERNARD EPTON.

William Lee Grant II

SEPTEMBER 15, 2019

Date:

9

# QUESTIONS PRESENTED

1. What are the legal ramifications to the United States of America creating a Program to investigate the United States Federal government, and for engineering a person from birth to be an Informant for the Justice Department violating his constitutional rights?

2. Where shall Illinois Governor Bruce Rauner and Chicago Mayor Rahm Emanuel be tried for their acts of treason?

3. Where shall Richard "Dick" Cheney and Donald Rumsfeld be tried for their acts of treason against the United States of America, their invasion of Iraq in violation of International law, and perpetration of War Crimes?

4. Where shall President George W. Bush be tried for treason and War Crimes?

5. Where shall Henry Kissinger be tried for his War Crimes?

6. What tribunal shall prosecute and judge the aforementioned War Criminals?

7. ~~Will this court direct Hillary Rodham Clinton to submit to a DNA test to verify it was her~~ hair was found on the body of Vince Foster?

8. Where shall Richard M. Daley be tried for the murder of Chicago Mayor Harold Lee Washington and public corruption?

9. Where shall (former) Cook County State's Attorney Anita Alvarez be tried for violating the civil rights of African-Americans in Cook County, Illinois and public corruption?

10. ~~Where shall New~~ Jersey Governor Chris Christie stand trial for public corruption?

11. Where shall Michigan Governor Rick Snyder stand trial for public corruption?

12. Where shall former Illinois Governor Pat Quinn be tried for civil rights violations and public corruption?

13. Where shall Illinois 7th Circuit Judge John P. Schmidt be tried for public corruption?

14. WHERE SHALL GREGORY K. HARRIS, RUDGER A. HEATON, ND NIVERSHA HILL STAND TRIAL FOR NSPIRING AGAINST MR. GRANT?

15. WHERE SHALL DONALD J. TRUMP STAND TRIAL FOR MONEY LAUNDERING?

16. WHERE SHALL THOMAS W. COATS AND JUSTIN LASINDOS STAND TRIAL FOR SEXUALLY ASSAULTING MR. GRANT?

17. WHERE SHALL ALAN D. BRENTS AND LARISSA M. YOUNG STAND TRIAL FOR SEXUALLY ASSAULT- ING MR. GRANT?

18. WHERE SHALL LOUIS FARRAKHAN STAND TRIAL FOR THE MURDER OF MALCOLM X?

19. WHERE SHALL MARION "SUGE" KNIGHT STAND TRIAL FOR THE MURDER OF CHRISTOPHER "BIGGIE SMALLS" WALLACE?

20. WHERE SHALL COURTNEY LOVE STAND TRIAL FOR THE MURDER OF KURT CUBAIN?

OPERATION: HOMETOWN GLORY

(10)

74. DONALD RUMSFELD GAVE A "STAND DOWN" ORDER ON 9/11.

75. THE OFFICE OF THE SECRETARY OF DEFENSE SAID DONALD RUMSFELD WAS AT AN AIRBASE ON 9/11, AND GAVE A "STAND DOWN ORDER."

76. DONALD RUMSFELD WAS AT THE PENTAGON ON 9/11, AND GAVE A "STAND DOWN" ORDER WITH THE CONSENT OF BUSH AND CHENEY.

77. BILL CLINTON FIRED FEDERAL BUREAU OF INVESTIGATION DIRECTOR WILLIAM S. SESSIONS TO CONCEAL THE MURDER OF VINCE FOSTER.

78. THE CENTRAL INTELLIGENCE AGENCY KILLED JOHN F. KENNEDY.



PRESCOTT BUSH
↓
ALLEN DULLES
↓
LYNDON B. JOHNSON

E. HOWARD HUNT's 2003 CONFESSION IS VALID. HUNT'S BODY WAS FAILING, BUT HIS MIND WAS SOUND.

79. THE CENTRAL INTELLIGENCE AGENCY ORCHESTRATED THE ARAB SPRING.

80. LOUIS FARRAKHAN KILLED MALCOLM X.

81. COURTNEY LOVE KILLED KURT COBAIN.

81. MARION HUGH "SUGE" KNIGHT JR. KILLED CHRISTOPHER "BIGGIE SMALLS" WALLACE.

82. SUGE KNIGHT BRIBED THE LOS ANGELES POLICE DEPARTMENT TO CONCEAL SUGE KNIGHT'S ROLE IN THE MURDER OF BIGGIE SMALLS.



11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM LEE GRANT, II ,**

**Plaintiff,**

v.                                                  **Case No:   6:19-cv-1235-Orl-40LRH**

**GREGORY K. HARRIS, JOINT CHIEFS
OF STAFF and U.S. SPECIAL
OPERATIONS COMMAND,**

**Defendants.**
_____/

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | |
| Disclosure of Expert Reports                    Plaintiff: / Defendant: / [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | |
| Discovery Deadline    [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | |

83. IN 2003, ALAN D. BRENTS AND LARISSA M. YOUNG SEXUALLY ASSAULTED MR. GRANT AT THE DIRECTION OF GREGORY K. HARRIS.

84. IN 2014, THOMAS W. COATS AND JUSTIN CAJINDOS SEXUALLY ASSAULTED MR. GRANT AT THE DIRECTION OF GREGORY K. HARRIS.

85. THE DoD STOLE NEARLY THIRTY YEARS OF MR. GRANT'S LIFE TO BRING THIS ACTION.

86. THE DoD KEPT MR. GRANT IN ILLINOIS UNDER THREAT OF MILITARY FORCE FOR NEARLY THIRTY (30) YEARS

87. HENRY KISSINGER IS A WAR CRIMINAL FOR HIS ROLE IN THE VIETNAM WAR, CAMBODIA, ARGENTINA, AND CHILE.

88. THE AIDS VIRUS IS A WORLD WAR II - JAPANESE VIRUS UNLEASHED ON THE WORLD TO GENERATE PROFITS FOR THE PHARMACEUTICAL INDUSTRY.

89. THE HIV/AIDS "COCKTAIL (TREATMENT)" CAME FROM THE PENTAGON.

90. THE ILLINOIS CENTRAL DISTRICT HAS NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

91. THE ILLINOIS NORTHERN DISTRICT JUDGE VIRGINIA M. KENDALL (17-cv-7902) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions emailed to chambers_FLMD_Byron@flmd.uscourts.gov in Word format), Witness Lists, Exhibit Lists with Objections on Approved Form)   Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | |
| Trial Term Begins   [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived. | |
| Estimated Length of Trial   [trial days] | |
| Jury / Non-Jury | |
| Mediation                                        Deadline:<br>                                                        Mediator:<br>                                                         Address:<br><br>                                                      Telephone:<br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____   No____<br><br>Likely to Agree in Future _____ |

92 EASTERN DISTRICT OF VIRGINIA JUDGES: LEONIE M. BRINKEMA (18-CV-449); ANTHONY J. TRENGA (18-CV-543); ROBERT E. PAYNE (18-CV-369); AND LIAM O'GRADY (18-CV-1328) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

93 DISTRICT OF MARYLAND JUDGES: GEORGE L. RUSSELL III (18-CV-1327 + 19-CV-2265) AND PAULA XINIS (18-CV-1705) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
28 USC 1915(e)(2)(B)(iii).

94 DISTRICT OF NEBRASKA JUDGE RICHARD G. KOPF (18-CV-246 + 18-CV-247) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

95 EIGHTEEN (18) DISTRICT COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

96 ILLINOIS SOUTHERN DISTRICT JUDGES: MICHAEL J. REAGAN (17-CV-1257); NANCY J. ROSENSTENGEL (18-CV-806); AND STACI M. YANDLE (19-CV-332) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

97 NORTHERN DISTRICT OF GEORGIA JUDGE THOMAS W. THRASH JR. (18-CV-1469; 18-CV-1472; 18-CV-1474; AND 18-CV-1475) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

13

*[Handwritten across top:] EXHIBIT IN SUPPORT OF ~~AMENDED~~ ~~INITIAL~~ COMPLAINT*
*GRANT II v USSOC*

# MANDATE

S.D.N.Y.–N.Y.C.
18-cv-4917
McMahon, C.J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand eighteen.

Present:

John M. Walker, Jr.,
Pierre N. Leval,
Christopher F. Droney,
*Circuit Judges.*

---

William L. Grant, II,

*Plaintiff-Appellant,*

v.                                                                 18-2024

United States Department of Defense,

*Defendant-Appellee.*

---

Appellant, pro se, moves for leave to proceed in forma pauperis and for remand and transfer. Upon due consideration, it is hereby ORDERED that the motions are DENIED and the appeal is DISMISSED because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also* 28 U.S.C. § 1915(e).

Appellant has filed a number of frivolous matters in this court, including the appeals docketed under: *Grant v. U.S. Dep't of Transp.*, 18-2176; *Grant v. U.S. Dep't of Treasury*, 18-2180; *Grant v. Kabaker*, 18-250. Appellant is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers, will result in the imposition of a sanction, which may require Appellant to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993); *Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam).

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

*[signature]*

MANDATE ISSUED ON 12/27/2018

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

*[signature]*

*[Handwritten right margin:] MR. GRANT HAS A CLAIM UNDER U.S. CONST. AMEND IV, U.S. CONST. AMEND V, U.S. CONST. AMEND XIII AND U.S. CONST. AMEND XIV.*
*(1) 5/14/2019*

*[Handwritten bottom:] COURT DID NOT FIND ALLEGATIONS TO BE: 28 USC 1915 (e)(2)(B): (i), (ii), OR (iii) (v/c) 2/9/2019*

(98) MR. GRANT HAS BEEN UNABLE TO PROCEED IN THE ILLINOIS CENTRAL DISTRICT, ILLINOIS NORTHERN DISTRICT, ILLINOIS SOUTHERN DISTRICT, EASTERN DISTRICT OF ~~____~~ VIRGINIA, AND THE DISTRICT OF COLUMBIA.



MR. GRANT BEGAN HIS LAWSUIT IN MAY OF 2016 IN THE ILLINOIS CENTRAL DISTRICT.

(100) "DISTRICT OF ^EASTERN ~~____~~ ^VIRGINIA HAS JURISDICTION PURSUANT TO 28 USC 1346(b)(1); 28 USC 1391(e)(1)(A); AND 28 USC 2674.

(101) THE STATE OF ILLINOIS CONSENTED TO SUIT BY ALLOWING 16-CV-3245 AND 17-CV-3261.

(102) THE STATE OF ILLINOIS AND U.S. DEPARTMENT OF DEFENSE DO NOT ENJOY SOVEREIGN IMMUNITY PURSUANT TO 42 USC 1983; 42 USC 1985 (3); AND 28 USC 2674.



(104) THE CIA TRIANGULATED AROUND THE DoD TO USE THE DoD TO ACCOMPLISH THE CIA'S MANDATE TO CONTAIN COMMUNISM IN SOUTHEAST ASIA.

(105) SHAWN CARTER IS THE BEST BIG BROTHER A KID COULD ASK FOR.



(106)   MR. GRANT'S WITNESSES

MICHAEL J. MADIGAN
JESSE WHITE
EMIL JONES
BARACK H. OBAMA

(14)



107. THE PENTAGON OPERATED A "MACHINE LEARNING PROGRAM" WITH THE ASSISTANCE OF HOLLYWOOD AND THE MUSIC INDUSTRY.

108. THE SOPRANOS CAME FROM THE PENTAGON. WHAT IS WORSE THAN A CHICAGO POLITICIAN SEEING A SHRINK: HIRING A LAWYER. IT GETS SO BAD, THE LAWYER ("SHRINK") NEEDS A LAWYER ("SHRINK").

THEY SING HIGH, WE SING LOWER (THE BASSISTS). THEY GO LOWER, WE GO LOWER.

109. ALLY MCBEAL IS AN ECCENTRIC LAWYER WHO IS SURROUNDED BY ECCENTRIC LAWYERS. ALLY MCBEAL (AM) HAS A BABY CLOCK THAT WILL NOT STOP CLICKING. MR. GRANT COULD NOT AVOID STABBING DR. GRANT WHEN HE TURNED SEVENTEEN.

110. ENTOURAGE IS WHAT IT LOOKS LIKE WHEN A MANOR WOMAN ASSUMES POLITICAL OFFICE. THEY HIRE SOME OF THEIR FRIENDS, AND HELP SOME OF THEIR FRIENDS ATTAIN POLITICAL OFFICE.
* ARI GOLD = ANGRY GAY. MR. GRANT IS KNOWN TO HAVE USED PROFANITY.

111. SEX AND THE CITY CAME FROM THE PENTAGON. AS A CHILD, MR. GRANT WANTED TO KNOW HOW IT WAS TO DATE IN A LARGE CITY. A GENERAL FOUND A CANDACE BUSHNELL ARTICLE ON A TRAIN. IT BECAME THE BASIS OF THE BOOK AND THE SERIES. THE PENTAGON HAD MS. BUSHNELL ADD THE CHARACTER 'MIRANDA HOBBS.'

MIRANDA WAS NOT IN THE BOOK. MIRANDA WAS IN THE TELEVISION SERIES AND THE MOVIES.

ISP TROOPER TYLER PRICE FAILED TO MIRANDIZE MR. GRANT.

112. THE LADIES OF SEX AND THE CITY FILMED THE SECOND MOVIE IN ABU DHABI BECAUSE THEY HAD INDEPENDENT CONFIRMATION THE HOUSE OF SAUD WAS COMPLICIT IN THE 9/11 TERRORIST ATTACKS.

113. THE WEST WING CAME FROM THE PENTAGON. ANN L. SCHNEIDER (FORMER IL DEPT OF TRANSPORTATION SECRETARY) IS MRS. LANDINGHAM.

114. SCANDAL IS THE PENTAGON "AIRING" AMERICA'S "DIRTY LAUNDRY" ON NATIONAL TELEVISION. * JUDY SMITH WAS BILL CLINTON'S "FIXER," AND A CONSULTANT TO SCANDAL.

* "COUNTRY SIDE" IT'S OUR COUNTRY, TOO. WE WANT A PIECE!



15.

THANK-YOU: STEVE JONES AT IBM

KILL BILL VOL. I AND KILL BILL VOL. II IS BASED ON MR. GRANT'S LIFE. MR. GRANT WAS "GUNNED DOWNED" WHEN HE SHOULD HAVE BEEN THE HAPPIEST HE HAD EVER IMAGINED. A YEAR BEFORE MR. GRANT HAD TO STAB DR. GRANT, MR. GRANT MET THE GIRL OF HIS DREAMS.

(775)

MR. GRANT'S LIFE WAS THOUGHT TO BE OVER. MR. GRANT HAD BEEN, IN EFFECT, "THROWN INTO A BOX." MR. GRANT HAD TO "FIGHT" HIS WAY OUT OF THE BOX BY WAITING TABLES AND GOING TO COMMUNITY COLLEGE.

MR. GRANT APPEARED TO HAVE COME BACK TO LIFE WHEN HE APPEARED IN THE ILLINOIS GOVERNOR'S OFFICE, AS AN INTERN.

MR. GRANT BEAT THE ODDS, AND EARNED AN EIGHTY-EIGHT ON HIS JUNIOR YEAR GEOMETRY FINAL. MR. GRANT EARNED HIGHER, BUT THE TEACHER CHANGED THE RESULTS.

AFTER STABBING DR. GRANT, MR. GRANT WAS SHUNNED BY HIS PEERS. AFTER FILING A CIVIL RIGHTS COMPLAINT AND AN ETHICS COMPLAINT, MR. GRANT WAS BETRAYED BY THE QUINNSTERS (GOV. PAT QUINN ADMINIS-TRATION)

HARRY POTTER CAME FROM THE PENTAGON. MR. GRANT WAS RAISED AS AN "UNWANTED CHILD." THE CLOAK OF INVISIBILITY IS MR. GRANT'S BLACK SKIN. NO ONE NOTICED MR. GRANT. THE RESURRECTION STONE IS MR. GRANT'S ABILITY TO COME BACK FROM THE GRAVE, AND THE DEPT. OF DEFENSE NANOBITES. THE ELDER WAND IS MR. GRANT'S PEN (AND PENCIL).

(716)

LORD VOLDEMORT IS THE GREATEST DARK WIZARD OF ALL TIME. THE GREATEST DARK WIZARD = THE GREATEST N*GGER WIZARD OF ALL TIME. LV (LICKING VAGINA) BEATS HP (HAIRY PENIS).

RONALD WEASLEY IS ACTUALLY A GIRL WHO IS LOYAL TO HER FRIENDS. HERMIONE GRANGER IS ACTUALLY A BOY WHO IS BRILLIANT. HE MAY HAVE A PARENT WHO IS A PLASTIC SURGEON.

HOGWARTS IS CHICAGO. HOGWARTS IS (ALSO) THE DISTRICT OF COLUMBIA. WILLIAM BEAVERS IS A POWERFUL CHICAGO POLITICIAN WHO SAYS, "HE'S THE HOG WITH THE BIGGEST NUTS IN COOK COUNTY."



(16)

108) RES JUDICATA IS NOT APPLICABLE. MR. GRANT'S COMPLAINT HAS NOT BEEN HEARD ON ~~~~ THE MERITS. THE DOJ AND ILLINOIS ATTORNEY GENERAL HAVE NOT FILED RESPONSES TO MR. GRANT'S ALLEGATIONS IN 16-CV-3245, 17-CV-3267, 19-CV-3001, AND 19-CV-3020.

109) THOMAS W. COATS HAS A SMALL PENIS. TOM HOPPER DOES NOT.

110) STEVE JOBS HAS A LARGE PENIS. STEVE JOBS HAS AN ASHTON KUTCHER SIZE PENIS.

111) TONY BLAIR SAID, "ENGLAND'S NOT DOWN. IT'S IN. ENGLAND IS NEVER DOWN."

112) ADELE IS THE BEST.

113) FREDDIE STROMA IS THE SAME SIZE AS TOM HOPPER.

114) 18 DISTRICT COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE 28 USC 1915(e)(2)(B)(i).,
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

William Lee Grant II
901 WYTHE ROAD
SPRINGFIELD, IL 62702
(217) 706-5269

9/16/2019

17



## United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 19-5010**                                  **September Term, 2018**

**1:18-cv-03073-UNA**

**Filed On:** April 17, 2019

William Lee Grant, II,

      Appellant

   v.

United States Department of Defense,

      Appellee

**BEFORE:**     Tatel and Millett, Circuit Judges, and Sentelle, Senior Circuit Judge

### O R D E R

Upon consideration of the motion for summary reversal, it is

**ORDERED** that the motion for summary reversal be denied and, on the court's own motion, that the district court's order filed on January 9, 2019, be summarily affirmed. Appellant's filing of a motion for summary reversal placed the merits of the appeal before the court, and the merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly dismissed appellant's complaint as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325-28 (1989).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
      Laura Chipley
      Deputy Clerk

(99) OPERATION: HOMETOWN GLORY IS A SPECIAL
COLLECTION SERVICE (U.S. DEPARTMENT OF DEFENSE)
DOMESTIC ▆▆ HUMAN INTELLIGENCE BLACK
OPERATION RUN UNDER THE BANNER OF THE U.S.
DEPARTMENT OF JUSTICE.

(103) THE SPECIAL COLLECTION SERVICE IS A "JOINT"
CENTRAL INTELLIGENCE AGENCY AND NATIONAL SECURITY
AGENCY PROGRAM.

(115) THE CENTRAL INTELLIGENCE AGENCY IS LIABLE
FOR THE ACTIONS OF THE SPECIAL COLLECTION SERVICE.

(107) THE DoD REMEMBERS 'NAM.

(116) THE OFFICE OF THE SECRETARY OF DEFENSE HAS
COMMAND AUTHORITY OF THE NATIONAL SECURITY AGENCY.

(117) THE OFFICE OF THE SECRETARY OF DEFENSE DESIGNATED
OPERATION: HOMETOWN GLORY AS A SPECIAL COLLECTION
SERVICE PROGRAM.

(118) THE CIA IS LIABLE FOR THE ▆▆ ACTIONS OF THE SPECIAL
COLLECTION SERVICE.

(119) THE DoD REMEMBERS 'NAM.

William Lee Grant II      9/17/2019
William Lee Grant II
901 WYTHE ROAD
SPRINGFIELD, IL 62702
(217) 726-5269

(18)

18-2520

William Lee Grant, II
901 Wythe Road
Springfield, IL 62702

*EXHIBIT IN SUPPORT OF COMPLAINT*

*GRANT II v CIA ETAL*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM LEE GRANT, II,

    Plaintiff,

    v.

GINA HASPEL, et al.

    Defendants.

Civil Action No.:  GLR-19-2265

## **ORDER**

Pending before the Court are Plaintiff William Lee Grant, II's Complaint (ECF No. 1) and Motion for Leave to Proceed in Forma Pauperis (ECF No. 2). Because Grant appears to be indigent, the Court will grant his Motion. For the reasons stated below, the Court will dismiss the Complaint.

Grant alleges that "[t]he Office of the Secretary of Defense created Mr. Grant in the basement of the Pentagon in 1990 to be 'The Judge' as to whether the Vietnam War constituted war crimes." (Compl. ¶ 15). That Office then "'dropped off' Mr. Grant in Springfield, Illinois in 1992 with Dr. Bill Grant and Armenta Johnson to be the U.S. Department of Defense's witness to the 9/11 terrorist attacks; and to be beaten and endure psychological warfare." (Id. ¶ 16). Defendant Gregory K. Harris "left the Pentagon in the early 1990's to illegally surveil Mr. Grant through the Illinois Central District U.S. Attorney's Office by 'bribing' Mr. Grant's family, peers, teachers, co-workers, and supervisors . . ." (Id. ¶ 17). Grant "was forced to stab Dr. Grant when Mr. Grant turned seventeen (17) in 2002, or the JCOS would have killed Dr. Grant." (Id. ¶ 18).

    






Although the details are not clear from the handwritten part of the Complaint, other included documents indicate Grant worked for the State of Illinois in various capacities, including for the Governor and Lieutenant Governor, from 2010 until he lost his job as part of a larger layoff in late 2014. (Id. at 4, 13–21). Grant filed suit in several other courts, including in Illinois where he lives, before filing the Complaint in this Court on August 6, 2019. (Id. at 1–2). Grant asserts claims against Defendants for violating his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at 1). He seeks "$99 trillion in damages." (Id. at 2).

Grant filed his Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) (2018), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is "frivolous or malicious," or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i) & (ii).

When considering whether a claim is frivolous, § 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Neitzke, 490 U.S. at 327). Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" Id. (quoting Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); then quoting Denton v. Hernandez, 504 U.S. 25, 29 (1992)).

2











Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment of a pleading be "simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). To comply with Rule 8(a), a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is mindful, however, of its obligation to liberally construe self-represented pleadings. See id. Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented").

Here, Grant's Complaint is frivolous and fails to state a claim. Grant's allegations about the federal government either deploying him for special missions or spying on him "lack[] an arguable basis either in law or in fact," as they are "'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" McLean, 566 F.3d at 399 (quoting Neitzke, 490 U.S. at 327). To the extent Grant attempts to make an employment claim, he fails state that claim. Grant has not named any of his Illinois employers as a defendant nor has he filed his case in the correct venue.[1]

---

[1] Proper venue for a Title VII claim lies "(i) in any judicial district in the state in which the unlawful employment practice is alleged to have occurred, (ii) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (iii) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." Lengacher v. Reno, 75




